1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      JON HUMES,                                     No.  2:18-cv-3015 AC P

12                          Petitioner,

13            v.                                        ORDER AND FINDINGS AND
                                                        RECOMMENDATIONS
14      SAC. CO. SUPERIOR COURT,

15                          Respondent.

16

17            Petitioner, a pretrial detainee proceeding pro se, has filed a petition for a writ of habeas

18      corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

19            Examination of the in forma pauperis application reveals that petitioner is unable to afford

20      the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

21      28 U.S.C. § 1915(a).

22         I.      Petition

23            The Rules Governing Section 2254 Cases in the United States District Courts (Habeas

24      Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas

25      Rule 1(b).  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition

26      "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

27      to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without

28      leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave

                                                     1

1    granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

2          The petition alleges that in 2012, petitioner had an unspecified number of sex offense

3    convictions expunged under California Penal Code § 1203.4, but that the misdemeanor

4    convictions continue to be used against him in court.  ECF No. 1 at 3.  He further asserts that

5    despite the expungement of his convictions, he is still being required to register as a sex offender

6    and that the district attorney assigned to his case increased the charges against him because he

7    accused her of sleeping with his attorney.  Id. at 4.

8          The district court has jurisdiction under 28 U.S.C. § 2241 to consider a habeas petition

9    brought by a pretrial detainee.  McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003)

10   (citations omitted).  Under § 2241(c)(3), a pretrial detainee may seek a writ of habeas corpus

11   when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."

12   However, under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a

13   pending state criminal case.  "Younger abstention is a jurisprudential doctrine rooted in

14   overlapping principles of equity, comity, and federalism."  San Jose Silicon Valley Chamber of

15   Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008

16   (citations and footnote omitted).  Younger abstention is required "if four requirements are met:

17   (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests;

18   (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state

19   proceeding; and (4) the federal court action would enjoin the proceeding or have the practical

20   effect of doing so, i.e., would interfere with the state proceeding in a way that Younger

21   disapproves."  Id. at 1092 (citations omitted).

22         In the instant case, the court finds that all four requirements for exercising Younger

23   abstention are met.  The state-initiated criminal proceeding against plaintiff appears to still be

24   ongoing; the proceeding implicates important state interests; to the extent plaintiff may have

25   federal constitutional challenges, he is not barred from raising them in the state criminal

26   proceeding; and this court's failure to abstain would directly interfere with the state proceeding.

27   These factors demonstrate that the court should abstain from considering petitioner's claims and

28   dismiss them.

To the extent a recently filed notice of change of address in one of petitioner's other cases indicates that he has been transferred into the custody of the California Department of Corrections and Rehabilitation and that criminal proceedings may therefore no longer be ongoing, dismissal of this case is still proper. Although a court may convert a § 2241 petition into a petition under § 2254 when the petition is filed by a pretrial detainee who is subsequently convicted, Dominguez v. Kernan, 906 F.3d 1127, 1138 (9th Cir. 2018), the court does not find that converting the petition to one under § 2254 would be appropriate in this case.

Petitioner's claims regarding the use of his prior offenses in subsequent proceedings rest on state law and therefore are not cognizable in federal habeas. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). Furthermore, petitioner's claim is clearly based upon outdated law.

Prior to 1982, sex offenders in California were required to register as such only until their convictions were expunged. United States v. Hardeman, 704 F.3d 1266, 1267 (9th Cir. 2013) (citing Cal. Penal Code §§ 290, 1203.4 (1980)). In 1982, "the California legislature amended its laws so that a felony sex conviction required ongoing registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1982)). "In 1994, the California legislature amended its laws so that any sex conviction—felony or misdemeanor—required continuous registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1994)).

Plaintiff asserts that under California Penal Code § 1203.4 and Kelly v. Municipal Court of City and County of San Francisco, 160 Cal. App. 2d 38 (Cal. Ct. App. 1958), he is no longer required to register as a sex offender or have his sex offenses reported because they were expunged. ECF No. 1 at 4-5. However, § 1203.4 specifically provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1). California law also expressly requires sex offender registration regardless of expungement under § 1203.4 except in a few very limited

3

circumstances where other requirements have been met. Cal. Penal Code § 290.007 ("Any person required to registered . . . shall register . . . regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5, or is exonerated pursuant to subdivision (e) of Section 3007.05 . . . and the person is not otherwise required to register."); Cal. Penal Code § 290.5 (providing that for a number of sex offenses a full pardon is required in addition to a certificate of rehabilitation in order to be relieved of reporting requirement). Furthermore, <u>Kelly</u>, which held that the duty to register terminates upon release from probation as outlined in § 1203.4, was decided long before the amendments requiring continued registration and "is no longer good law." <u>People v. Hamdon</u>, 225 Cal. App. 4th 1065, 1073 (Cal. Ct. App. 2014).

Accordingly, the fact that petitioner's sex offenses have been expunged does not mean that they cannot be relied on in subsequent prosecutions or that petitioner has been relieved of his duty to register as a sex offender.

With respect to petitioner's claim of prosecutorial misconduct, even assuming that he could state a claim for vindictiveness, it does not appear that such a claim has been exhausted. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477 (1973). This total exhaustion requirement has two exceptions: (1) when "there is an absence of available State corrective process; or [(2)] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Petitioner indicates that

he did not raise claims related to the district attorney in his state supreme court petition (ECF No. 1 at 6), and there is no indication that state corrective process was lacking or that the process was ineffective, particularly in light of the fact that petitioner represents that he pursued other claims in the state supreme court. Accordingly, the claims related to the district attorney's conduct appear on the face of the petition to be unexhausted, and require dismissal without prejudice.

## II.    Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Petitioner's motion to proceed in forma pauperis is granted.

2.    The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1.    Petitioner's application for a writ of habeas corpus be summarily dismissed.

2.    This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE